IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

THE CILLESSEN TRUST;
JAMES A. CILLESSEN, individually and as trustee of the CILLESSEN TRUST; and
JOYCE K. CILLESSEN individually and as trustee of the CILLESSEN TRUST,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GUNNISON, COLORADO;
and JONI REYNOLDS in her official capacity as Public Health Director of Gunnison County,
Colorado,

      Defendants.

---

# COMPLAINT

---

Plaintiffs the Cillessen Trust (the "Trust"), James A. Cillessen ("Mr. Cillessen"), individually and as trustee of the Cillessen Trust, and Joyce K. Cillessen ("Mrs. Cillessen") individually and as trustee of the Cillessen Trust, by and through undersigned counsel, state as follows for their Complaint against Joni Reynolds in her official capacity as Public Health Director of Gunnison County, Colorado ("Director Reynolds") and the Board of County Commissioners of the County of Gunnison, Colorado ("Gunnison County"):

## PARTIES

1. The Trust is a trust that was formed by Mr. and Mrs. Cillessen on September 17, 2012, in the State of Colorado. A true and correct copy of relevant excerpts of the trust agreement are attached as **Exhibit A**.

2. Mr. and Mrs. Cillessen are the sole grantors of the Trust.

3. Mr. and Mrs. Cillessen are the sole beneficiaries of the of the Trust.

4.      Mr. and Mrs. Cillessen are the sole trustees of the Trust.

5.      Director Reynolds, named in her official capacity, is the Public Health Director for Gunnison County, Colorado.

6.      Gunnison County is a county, organized and existing under the laws of Colorado.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction to hear the federal claims in this case under 28 U.S.C. §§ 1331, 1343(a), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

8.      In this action Plaintiffs seek relief under 28 U.S.C. §§ 2201-2202, 42 U.S.C. §§ 1983, 1988, and the Fifth and Fourteenth Amendment of the United States Constitution. U.S. CONST. amend. V, XIV.

9.      This Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. §§1367(a) because these claims form part of the same case or controversy as those which give rise to this Court's original jurisdiction under 28 U.S.C. §§ 1331, 1343(a).

10.     Venue is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## GENERAL ALLEGATIONS

11.     The Trust owns two adjoining parcels of land (collectively the "Property") respectively located at 77 Overlook Trail and 133 Overlook Trail, Gunnison, CO 81230.  A true and correct copy of the deed for the Property is attached as **Exhibit B**.

12.     The Property is located in unincorporated Gunnison County and consists of approximately 74.09 acres.

13.     The Property contains one single-family residence.

14.     Mr. and Mrs. Cillessen are the grantors and trustees of the Trust.

15.     Mr. and Mrs. Cillessen maintain a primary residence at 11766 West 53rd Place, Arvada, CO 80002 and use the Property as a second home.

16.     The use of the Property as a single-family residence complies with all applicable zoning and land use statutes, regulations, ordinances, and regulations.

17.     On March 12, 2020, Gunnison County declared a Local Disaster Emergency related to COVID-19, a novel coronavirus which infects humans.

18.     At all relevant times, Director Reynolds, when acting in her official capacity, has exercised her actual authority as an agent, officer, and employee of Gunnison County.

19.     In the event that Director Reynolds authority, when acting in her official capacity, was not exercising her actual authority as an agent, officer, and employee of Gunnison County, she was acting with apparent authority as an agent, officer, and employee of Gunnison County.

20.     Every act Director Reynolds has performed in her official capacity is an act of Gunnison County.

21.     On March 13, 2020, Director Reynolds issued the Standing Public Health Order (the "First Public Health Order") in response to COVID-19.  A true and correct copy is attached hereto as **Exhibit C.**

22.     Between March 13, 2020 and April 21, 2020, Director Reynolds has issued at least seven public health orders in response to COVID-19.

23.     On March 16, 2020, Director Reynolds issued the Second Amended Standing Public Health Order (the "Second Public Health Order").  A true and correct copy is attached hereto as **Exhibit D.**

24.     In relevant part, the Second Public Health Order tightened the restrictions on events and added a prohibition on all short-term property rentals in Gunnison County.

25.     On April 3, 2020, Director Reynolds issued the Fifth Amended Standing Public Health Order (the "Fifth Public Health Order") in response to COVID-19.  A true and correct copy is attached hereto as **Exhibit E.**

26.     In relevant part, the Fifth Public Health Order ordered all non-resident homeowners to immediately leave Gunnison County and to not enter or reenter Gunnison County unless they (a) are otherwise permitted to enter by the Fifth Public Health Order, (b) enter the county to allow the businesses, events, or activities permitted by the Fifth Pubic Health Order to continue, or (c) receive an express written exemption from Director Reynolds, which she may grant in her sole discretion.

27.     The Fifth Public Health Order provides that a nonresident homeowner may be fined up to $5,000.00 and imprisoned for up to eighteen months for noncompliance with the Fifth Public Health Order's requirements.

28.     The Fifth Public Health Order does not prohibit Gunnison County residents from leaving the county or from reentering the County after leaving.

29.     On April 11, 2020, Director Reynolds issued the Sixth Amended Standing Public Health Order (the "Sixth Public Health Order") in response to COVID-19.  A true and correct copy is attached hereto as **Exhibit F.**

30.     In relevant part, the Sixth Public Health Order added an exemption to the exclusion on non-resident homeowners for those non-resident homeowners who had been physically present in Gunnison County for at least 14 days before the issuance of the Sixth Public Health Order.

31.     The Sixth Public Health Order retains the previously imposed prohibition on nonresident homeowners from entering Gunnison County unless they (a) are otherwise permitted to enter by the Sixth Public Health Order, (b) enter the county to allow the businesses, events, or activities permitted by the Sixth Pubic Health Order to continue, or (c) receive an express written exemption from Director Reynolds, which she may grant in her sole discretion.

32.     The Sixth Public Health Order provides that a nonresident homeowner may be fined up to $5,000.00 and imprisoned for up to eighteen months for noncompliance with the Sixth Public Health Order's requirements.

33.     On April 21, 2020, Director Reynolds issued the Seventh Amended Standing Public Health Order (the "Seventh Public Health Order") in response to COVID-19.  A true and correct copy is attached hereto as **Exhibit G.**

34.     The Seventh Public Health Order prohibits nonresident homeowners from entering Gunnison County unless they (a) are otherwise permitted to enter by the Seventh Public Health Order, (b) enter the county to allow the businesses, events, or activities permitted by the Seventh Pubic Health Order to continue, (c) arrived in Gunnison County at least 14 days before April 11, 2020, or (d) receive an express written exemption from Director Reynolds, which she may grant in her sole discretion.

35.     The Fifth, Sixth, and Seventh Pubic Health Orders do not provide a means for administrative review or appeal of Director Reynolds' decisions about which nonresident property owners may access their properties within Gunnison County.

36.     Thus, Director Reynolds' decision about which nonresidents may use their own properties is a final governmental decision.

37.     The Seventh Public Health Order provides that a nonresident homeowner may be fined up to $5,000.00 and imprisoned for up to eighteen months for noncompliance with the Seventh Public Health Order's requirements.

38.     No public health order issued by Director Reynolds or Gunnison County prohibits residents of Gunnison County from accessing second homes they possess inside or outside of Gunnison County.

39.     The Property is safe for human occupation.

40.     The use of the Property as a residence by Mr. and Mrs. Cillessen will not create a danger to public health, safety, welfare, or morals in Gunnison County.

41.     Keeping the Property unoccupied will not further public health, safety, welfare, or morals in Gunnison County

42.     Mr. and Mrs. Cillessen are not presently in Gunnison County and had not been present in Gunnison County for 14 days on April 11, 2020.

43.     Mr. and Mrs. Cillessen intend to travel to the Property to maintain and quietly enjoy it during the Spring of 2020.

44.     Except for the Fifth, Sixth, and Seventh Public Health Orders, no statute, law, ordinance, or regulation prohibits Mr. and Mrs. Cillessen from occupying, maintaining, and quietly enjoying the Property.

45.     In early April 2020, Mr. and Mrs. Cillessen received a mailing from the Gunnison County Government stating that they were prohibited from entering Gunnison County "until further notice."  A true and correct copy of the mailing is attached as **Exhibit H**.

46.     On April 17, 2020, Mr. Cillessen submitted a request for a nonresident exemption from Director Reynolds for the purpose of traveling to the Property so that they could maintain and quietly enjoy it.

47.     In the April 17, 2020 request for a nonresident exemption, Mr. Cillessen stated that he and Mrs. Cillessen "will adhere to all applicable public health orders, practice proper social distancing, and limit [their] interaction with essential businesses as much as possible."

48.     In the April 17, 2020 request for a nonresident exemption, Mr. Cillessen further stated that other than driving to and from the Property when entering and leaving Gunnison County, he and Mrs. Cillessen "intend to leave [the] [P]roperty as little as possible while the public health order is in force."

49.     The April 17, 2020 request for a nonresident exemption accurately stated Mr. and Mrs. Cillessen's intention to enter Gunnison County for the sole purpose of maintaining and quietly enjoying the 74.09-acre Property and to comply with the requirements of the applicable public health orders.

50.     On April 18, 2020, an unnamed individual using the email address "EOC@gunnisoncounty.org" sent Mr. Cillessen an email stating that Director Reynolds had reviewed Mr. and Mrs. Cillessen's April 17, 2020 request for a nonresident exemption and that the request had been denied.  A true and correct copy of the email denying Mr. Cillessen's request is attached as **Exhibit I**.

51.     Gunnison County provided no procedure for Mr. and Mrs. Cillessen to appeal its denial of their request for a nonresident exemption.

52.     By issuing the Fifth, Sixth, and Seventh Public Health Orders and refusing to grant an exemption for Mr. and Mrs. Cillessen to enter Gunnison County to access the Property, Director Reynolds has denied Plaintiffs access to the Property.

53.     By issuing the Second, Fifth, Sixth, and Seventh Public Health Orders, Director Reynolds has denied the Trust the ability to rent out the Property during the period that she is preventing Plaintiffs from accessing the Property.

54.     Thus, Director Reynolds has unreasonably and substantially denied Plaintiffs all reasonably available beneficial use of the Property from April 3, 2020, until the Seventh Public Health Order and any succeeding public health order which denies their right to access the Property is lifted.

55.     The Fifth, Sixth, and Seventh Public Health Orders' prohibition on Plaintiffs' use of the Property has injured Plaintiffs and will continue to do so until the prohibition ends.

56.     No act or omission of Mr. Cillessen, Mrs. Cillessen, or the Trust caused, necessitated or justifies their exclusion from the Property.

57.     Director Reynolds has no evidence or information to suggest that Mrs. Cillessen or Mr. Cillessen has COVID-19 or will transmit this disease to any other person while they are at the Property.

58.     Despite issuing the Fifth, Sixth, and Seventh Public Health Orders in connection with readily-apparent public purpose, Director Reynolds did not compensate or even offer to compensate the Trust for the loss of the use of the Property.

59.     Gunnison County did not compensate or offer to compensate the Trust for the loss of the use of the Property.

60.     The Fifth, Sixth, and Seventh Public Health Orders' prohibition Mr. and Mrs. Cillessen occupying, maintaining, and enjoying the Property substantially interferes with and unreasonably denies them and the Trust access to and the benefit of the Property.

61.     As such, this prohibition on Plaintiffs' access to and use of the Property is so burdensome that it constitutes a regulatory taking, and the failure to pay just compensation contravenes the Takings Clause of the Fifth Amendment and Fourteenth Amendment of the United States Constitution and Sections 15 and 25 of the Colorado Constitution.  *Murr v. Wisconsin,* 137 S. Ct. 1933, 1942 (2017) (stating that "[a] regulation, then, can be so burdensome as to become a taking"); *see also  City of Boulder v. Kahn's, Inc.*, 543 P.2d 711, 714 (Colo. 1975) (holding that "unreasonable or substantial deprivation of access" to one's property is a taking for which both the United States Constitution and the Colorado Constitution require the payment of just compensation).

62.     Director Reynolds has claimed the authority to exclude Plaintiffs from accessing, maintaining, using, and quietly enjoying the Property under C.R.S. § 25-1-506.

63.     This lawsuit <u>does not</u> seek to contest any other regulations Director Reynolds has imposed in connection with COVID-19 or Director Reynolds' statutory authority to impose other regulations related to public health.  Nor does it seek judicial review of the wisdom or efficacy of any public health measure undertaken by Director Reynolds or Gunnison County.

64.     Plaintiffs acknowledge that Director Reynolds imposed the Fifth, Sixth, and Seventh Public Health Orders in an attempt to serve a public purpose and not to advance any private interests.

65.     Notwithstanding the legitimate public purpose which Director Reynolds was pursuing, the Fifth, Sixth, and Seventh Public Health Orders violate Plaintiffs' fundamental rights protected by the United States Constitution and the Colorado Constitution.

66.     When issuing the Fifth, Sixth, and Seventh Public Health Orders and at all other times relevant to this lawsuit, Director Reynolds was acting under the color of state law.

67.     The issuance of the Fifth, Sixth, and Seventh Public Health Orders and Director Reynolds' refusal to grant an exemption for Mr. and Mrs. Cillessen to use the Property has caused—and will continue to cause injuries and damages to each Plaintiff.

## COUNT I

### Violation of the Takings Clause/Inverse Condemnation – 42 U.S.C. § 1983

68.     Plaintiffs incorporate the allegations in paragraphs 1 to 67 of this Complaint as if fully set forth herein.

69.     The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation."  U.S. CONST. amend. V.

70.     The Takings Clause "'is designed not to limit the governmental interference with property rights *per se*, but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536–37 (2005) (quoting *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 315 (1987) (emphasis in original)).

71.     The Takings Clause bars government actors "from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States,* 364 U.S. 40, 49 (1960).

72.     The United States Supreme Court "recognized that government regulation of private property may, in some instances, be so onerous that its effect is tantamount to a direct appropriation or ouster—and that such 'regulatory takings' may be compensable under the Fifth Amendment." *Lingle*, 544 U.S. at 537.

73.     Temporary takings which deprives a landowner of the use of his or her property "are not different in kind from permanent takings, for which the Constitution clearly requires compensation." *First English Evangelical Lutheran Church of Glendale*, 482 U.S. at 318.

74.     "The Takings Clause requires careful examination and weighing of all the relevant circumstances." *Palazzolo v. Rhode Island,* 533 U.S. 606, 634, (O'Connor, J., concurring); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 321 (2002) (noting that whether a taking has occurred "depends upon the particular circumstances of the case"); *Yee v. City of Escondido,* 503 U.S. 519, 523 (1992) (noting that the assessment of regulatory takings claims "necessarily entails complex factual assessments").

75.     Furthermore, "[a] property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2167 (2019).

76.     Thus, a property owner need not complete any state-level litigation or administrative proceeding before bringing a Fifth Amendment takings claim.  *Id.*

77.     The Fifth, Sixth, and Seventh Public Health Orders have deprived—and continue to deprive—Plaintiffs of access to, the reasonable use of, and the quiet enjoyment of the Property.

78.     No Plaintiff has received compensation for the loss of access to and use of the Property.

79.     Therefore, the Fifth, Sixth, and Seventh Public Health Orders' prohibition of Plaintiffs' access to and use of the Property are an unconstitutional taking without just compensation and violate the United States Constitution.

80.     Director Reynolds, in her official capacity, and/or Gunnison County must provide just compensation for the regulatory taking of the Property.

## COUNT II

### Violation of Article II, Sections 15 and 25 of the Colorado Constitution / Inverse Condemnation

81.     Plaintiffs incorporate the allegations in paragraphs 1 to 80 of this Complaint as if fully set forth herein.

82.     Article II, Section 15 of the Colorado Constitution provides, in relevant part, "[p]rivate property shall not be taken or damaged, for public or private use, without just compensation."  COLO. CONST. art. II, § 15.

83.     Article II, Section 25 of the Colorado Constitution provides, "[n]o person shall be deprived of life, liberty or property, without due process of law."  COLO. CONST. art. II, § 25.

84.     Article II, Sections 15 and 25 of the Colorado Constitution require payment of just compensation when there is a taking of private property.  *City of Boulder v. Kahn's, Inc.*, 543 P.2d 711, 714 (Colo. 1975).

85.     A regulation which constitutes an unreasonable or substantial deprivation of access to private property constitutes a taking under Colorado law.  *See id.*

86.     "For a landowner to pursue an inverse condemnation claim [brought under Colorado law], the relevant governmental entity must have reached a final decision determining the permitted use of the property at issue."  *Quaker Court Liab. Co. v. Bd. of Cty. Comm'rs*, 109 P.3d 1027, 1034 (Colo. App. 2004).

87.     The Fifth, Sixth, and Seventh Public Health Orders prevent Mr. Cillessen and Mrs. Cillessen from traveling to and accessing the Property.

88.     The Property is private property owned by the Trust.

89.     Thus, the Fifth, Sixth, and Seventh Public Health Orders constitute unreasonable and substantial deprivation of access to the Property.

90.     The Fifth, Sixth, and Seventh Public Health Orders are a taking for which the Colorado Constitution requires the payment of just compensation.

91.     Neither Director Reynolds nor Gunnison County has paid just compensation to Mr. Cillessen, Mrs. Cillessen, or the Trust.

92.     Therefore, the Fifth, Sixth, and Seventh Public Health Orders' prohibition of Plaintiffs' access to and use of the Property are an unconstitutional taking without just compensation and violate the Colorado Constitution.

93.     Neither Director Reynolds nor Gunnison County provide any mechanism for administrative appeal or Director Reynolds' decision to exclude Plaintiffs from the Property.

94.     Director Reynolds' issuance of the Fifth, Sixth, and Seventh Public Health Orders and the denial of Mr. and Mrs. Cillessen's April 17, 2020 request for an exemption constitute the final governmental decision relating to the regulatory taking of the Property.

95.     Thus, the Fifth, Sixth, and Seventh Public Health Orders exclusion of Mr. and Mrs. Cillessen from the Property is a final determination.

96.     Plaintiffs' inverse condemnation claim is ripe.

97.     Director Reynolds, in her official capacity, and/or Gunnison County must provide just compensation for the regulatory taking of the Property.

## COUNT III

**Substantive Due Process (Interference with Property Interests) – 42 U.S.C. § 1983**

98.     Plaintiffs incorporate the allegations in paragraphs 1 to 97 of this Complaint as if fully set forth herein.

99.     Plaintiffs have a protected fundamental property interest in the control, use, and enjoyment of the Property.  *See MFS, Inc. v. DiLazaro,* 771 F. Supp. 2d 382, 440–41 (E.D. Pa. 2011) (concluding that a plaintiff "had a property interest subject to substantive due process protection in the control, use, and enjoyment of its property"), *aff'd,* 476 F. App'x 282 (3d Cir. 2012); *see also Wrench Transp. Sys., Inc. v. Bradley,* 340 F. App'x 812, 815 (3d Cir. 2009) (observing that substantive due process protects real property interests); *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 599 (3d Cir. 1995) (same), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392 (3d Cir. 2003).

100.     A governmental official violates a person's substantive due process rights by "official conduct that deprives a person of life, liberty, or property in a manner so arbitrary as to shock the judicial conscience."  *Lindsey v. Hyler*, 918 F.3d 1109, 1115 (10th Cir. 2019).

101.     The use of the Property as a single-family residence by two married persons—and no other individuals—creates no plausible harm to the public health, safety, welfare, or morals of Gunnison County, Colorado.

102.     The physical presence of Mr. and Mrs. Cillessen on the 74.09-acre Property or in their vehicle while they drive to and from the Property from Arvada, Colorado creates no material risk of transmission of COVID-19 or any other infectious disease to any other person in Gunnison County, Colorado.

14

103.     Thus, Director Reynolds' decision, made under the color of state law, to preclude Mr. and Mrs. Cillessen from the Property is an arbitrary, unreasonable, and capricious infringement upon Mr. Cillessen's and Mrs. Cillessen's fundamental right to access, occupy, and use the Property,

104.     Director Reynolds' decision shocks the conscience and materially harms Mr. Cillessen's and Mrs. Cillessen's substantive due process rights.

105.     Director Reynolds' decision to prevent Mr. and Mrs. Cillessen from accessing, using, and enjoying the Property, has caused them and will continue to cause them to suffer damages.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs the Cillessen Trust, James A. Cillessen, and Joyce K. Cillessen pray the Court enter judgment in their favor and against Defendants the Board of County Commissioners of the County of Gunnison, Colorado and Joni Reynolds, in her official capacity as Public Health Director of Gunnison County, Colorado, and seek the following relief:

a.     A preliminary injunction against enforcement of the Fifth, Sixth, and Seventh Public Health Orders insofar as they preclude or limit Plaintiffs' access to and quiet enjoyment of the Property.

b.     A declaratory judgment that the issuance and enforcement of the Fifth, Sixth, and Seventh Public Health Orders are unconstitutional and violate Mr. Cillessen's and Mrs. Cillessen's substantive due process rights under the Fourteenth Amendment insofar as they preclude or limit Plaintiffs' access to and quiet enjoyment of the Property.

c.     A declaratory judgment that the issuance and enforcement of the Fifth, Sixth, and Seventh Public Health Orders, insofar as they preclude or limit Plaintiffs' access to and quiet

enjoyment of the Property, are a regulatory taking of the Property and, without payment of just compensation, are unconstitutional under the United States Constitution and the Colorado Constitution.

      d.      Damages adequate to justly compensate for the regulatory taking of the Property;

      e.      Damages adequate to compensate for the unconstitutional violations of Mr. Cillessen's and Mrs. Cillessen's substantive due process rights under the Fourteenth Amendment;

      f.      An award of prejudgment and post-judgment interest

      g.      An award of costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1988; and,

      h.      Such other and further relief as this Court deems appropriate.

Dated this 24th day of April, 2020.

By: *s/ L. Jay Labe*
    **L. Jay Labe**
    **Michael P. Curry**
    **Theodore A. Wells**
    Allen & Curry, P.C.
    1125 17th Street, Suite 1275
    Denver, CO 80202
    Tel: 303-955-6185
    Email: jlabe@allen-curry.com
           mcurry@allen-curry.com
           twells@allen-curry.com

Plaintiffs' Address:
11766 West 53d Place
Arvada, CO 80002